UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE ANDREW BROWN,                                          9:08-CV-1348
                                    Plaintiff,               (TJM/GJD)
_____

PETER TAYLOR
Plaintiff, *pro se*

THOMAS J. McAVOY, Senior United States District Judge

### MEMORANDUM DECISION and ORDER

The Clerk has sent the above "Complaint" to the court for its review. (Dkt. No. 1). Plaintiff

did not file either an application to proceed *in forma pauperis* or an inmate authorization form.

Although the court would normally order plaintiff to provide this material, a review of the document

submitted by plaintiff shows that the case may not proceed.

### DISCUSSION

1.    **Initial Screening**

Pursuant to 28 U.S.C. § 1915A, the court is required to review a prisoner complaint in which

redress is sought from a governmental entity or an officer or employee of a governmental entity in

order to identify cognizable claims or dismiss the complaint or any portion thereof if the complaint

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)(stating that both

sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).  In evaluating the

complaint, the court must accept all of the factual allegations as true and must draw all inferences in

plaintiff's favor. *See Fifield v. Eaton*, 07-CV-6521, 2007 U.S. Dist. LEXIS 87056, *2 (W.D.N.Y.

Nov. 21, 2007)(citing *inter alia Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003)(per curiam)).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests

through factual allegations sufficient 'to raise a right to relief above a speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).   A complaint may not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Fifield*, 2007 U.S. Dist. LEXIS 87056 at *2 (quoting *McEachin v. McGinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

With this standard in mind, the court will turn to a review of plaintiff's complaint in this case.

2. <u>**"Complaint"**</u>

Plaintiff addressed his submission to the "Hon. Chief Judge," however, the case has been assigned to me for review.  Plaintiff labels his submission a "complaint" and mentions "cruel punishment," however, he names ***no defendants***.  Plaintiff also refers to this document as a "letter." He states that he is in the "wrong prison," but then states that "this letter is mostly about . . . sex." The rest of the "complaint" is an obscene description of why he is making this request for sex.  The court will refrain from any discussion of plaintiff's ranting regarding this issue.  He states that in addition to sex, he wishes to be transferred to a female prison.  To the extent that plaintiff's "complaint " or "letter" can be interpreted as an attempt to file a civil rights action under 42 U.S.C. § 1983, he has stated no constitutional basis for such a claim.

The Eighth Amendment contains a provision prohibiting "cruel and unusual punishment." U.S. CONST. amend. VII.  The Eighth Amendment does not mandate comfortable prisons, but does guarantee that the conditions in prison will be at least humane. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).  In order to establish an Eighth Amendment violation, plaintiff must show that the deprivation was objectively, sufficiently serious to deprive plaintiff of the minimal civilized measure of life's necessities, and a sufficiently culpable state of mind on the part of defendant. *Id.*  That state

of mind is satisfied if defendant has shown deliberate indifference to plaintiff's health or safety. *Id.* (citations omitted).

In order to state a claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003).  The same two elements as stated above apply to a claim of inadequate medical care under the Eighth Amendment.  The first element is ***objective*** and measures the severity of the deprivation, while the second element is ***subjective*** and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Plaintiff in this case mentions that he suffers from "Gender Identity Disorder," however, he does ***not*** claim that his medical needs are not being met, he merely states that he needs sex for various reasons.  He also states that he wishes to be transferred to a female prison.  An inmate has no constitutional right to be incarcerated in any particular correctional facility. *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Sher v. Coughlin*, 739 F.2d 77, 80 (2d Cir. 1984).  To the extent that this document can be considered a complaint, this court finds it to be frivolous, and it fails to state a claim under the statute.  The complaint must, therefore, be dismissed.  Additionally, based on the explicit nature of the "complaint," this court will order the document sealed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the document purporting to be the Complaint in this action is hereby **SEALED**, and it is

**ORDERED**, that the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.

§§ 1915A(b)(1), 1915(e)(2)(B)(i) & (B)(ii).

Dated: January 7, 2009

Thomas J. McAvoy
Senior, U.S. District Judge